IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAN SMITH,

      Plaintiff,

v.                                          No. 1:25-cv-01183-KG-SCY

THE UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Government's Motion to Dismiss for Lack of Jurisdiction, Doc. 7, Pro Se Plaintiff Dan Smith's response,[1] Doc. 18, and the Government's reply, Doc. 16.  For the reasons below, the Court grants the Government's motion and dismisses Plaintiff's complaint without prejudice.

## I.    *Background*

Plaintiff filed this tort action in New Mexico State Court.  *See* Doc. 1-1.  Plaintiff alleges that Kay Redman, a physician at the Veterans Administration Medical Center in Farmington, New Mexico, prescribed him "at least 6 drugs that are dangerous/deadly FDA Blackbox warning drugs, placing [Plaintiff's] life in danger." *Id.* at 3.  Plaintiff contends that these medications were prescribed based on errors in a health information factsheet stating that Plaintiff has "a malignant brain tumor." *Id.*

Acting on behalf of Dr. Redman, the Government filed a notice of removal under 28 U.S.C. § 1442(a).  Doc. 1.  *See* § 1442(a) (authorizing the removal to federal district court of any civil action commenced in a state court against any officer of the United States "in an official or individual capacity, for or relating to any act under color of such office").  Upon certification by the Government that Dr. Redman was acting within the scope of her employment at the time of the

---

[1]Plaintiff filed three separate, but identical responses to the Government's motion to dismiss. *See* Docs. 11, 13, 18.  For clarity, the Court references the third, most recent response.

alleged incident, the case was removed to this Court, and the Government was substituted as Defendant in place of Dr. Redman.  Doc. 5; Doc. 1-2; *see also* 28 U.S.C. § 2679(d)(1)–(2).

The Government moves to dismiss Plaintiff's complaint.  Doc. 7.  It argues that because the state court lacked subject matter jurisdiction over Plaintiff's Federal Tort Claims Act ("FTCA") claim, this Court could not acquire jurisdiction from the state court upon removal under the derivative jurisdiction doctrine.  *Id.* at 4.  Plaintiff contends that Congress has abrogated derivative jurisdiction "in many removal contexts…meaning federal courts can exercise jurisdiction even if state courts lacked it."  Doc. 18.

## II.      *Analysis*

This Court lacks jurisdiction over Plaintiff's tort claim.  Removal jurisdiction "is, in a limited sense, a derivative jurisdiction."  *Jiron v. Christus St. Vincent Reg'l Med. Ctr.*, 960 F. Supp. 2d. 1147, 1149 (D.N.M. 2012).  Under the doctrine of derivative jurisdiction, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have jurisdiction if the suit had originated there."  *Bowers v. J & M Disc. Towing*, 472 F. Supp. 2d 1248, 1253 (D.N.M. 2006) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).  The doctrine applies to removals pursuant to the federal officer removal statute, § 1442(a).  *Id.* at 1265; *but see* 28 U.S.C. § 1441(f) (abrogating derivative jurisdiction doctrine for removals under general removal statue, § 1441).

District courts have "exclusive jurisdiction" over actions brought under the FTCA, which waives the sovereign immunity of the United States "with respect to certain injuries caused by government employees acting within the scope of their employment."  *Domme v. United States*, 61 F.3d 787, 788 (10th Cir. 1995).  With limited exceptions, the FTCA "provides the exclusive avenue to bring a tort claim against the United States."  *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004).  28 U.S.C. § 1346(b)(1).

Under these principles, the state court lacked jurisdiction over Plaintiff's tort claim because it is governed by the FTCA. Plaintiff does not contest that his claim is governed by the FTCA. *See* Doc. 18. He alleges that Dr. Redman negligently prescribed him six dangerous "FDA Blackbox" drugs based on erroneous medical information. Doc. 1-1 at 3. The Government certifies that Dr. Redman was acting within the scope of her employment "as a medical doctor for the Veterans Administration Medical Center" at the time of the incident. Doc. 1-2. Given these facts, Plaintiff's claim falls within this Court's exclusive jurisdiction.

The state court lacks jurisdiction based on the derivative jurisdiction doctrine, this Court is also without jurisdiction. For that reason, the Court dismisses Plaintiff's complaint without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

## IV.    Conclusion

The Court grants the Government's Motion to Dismiss for Lack of Jurisdiction, Doc. 7. Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.